# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE REED, | CASE NO. 1:11-cv-01883 AWI GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| WARDEN HARRISON, et al., | (ECF No. 1) |
| Defendants. | |

## Screening Order

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against the Warden at Kern Valley State Prison. Plaintiff's statement of claim, in its entirety, follows:

> There is arsenic inside of the drinking water here at Kern Valley State Prison. This violates the Eighth and the Fourteenth Amendment as well. The arsenic causes cancer & skin rash; I don't want either one. There is a very high amount of the arsenic inside the drinking water.

**A.   Eighth Amendment**

Under Foster v. Runnels, 554 F.3d 807 (9th Cir. 2009), an inmate seeking to prove an Eighth Amendment violation must "objectively show that he was deprived of something 'sufficiently serious,' and "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Id. at 812 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The second step, showing "deliberate indifference," involves a two part inquiry. First, the inmate must show that the prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety. Farmer, 511 U.S. at 837. This part of our inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious. See id. at 842. ("[A] factfinder may conclude that a prison official knew of a substantial risk [to a prisoner's health] from the very fact that the risk was obvious").

1  To demonstrate that a prison official was deliberately indifferent to a serious threat to an
2  inmate's safety, the prisoner must show that "the official [knew] of and disregarded an excessive risk
3  to inmate . . . safety; the official must both be aware of facts from which the inference could be
4  drawn that a substantial risk of serious harm exists, and [the official] must draw the inference."
5  Farmer, 511 U.S. at 837; see also Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010);
6  Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187-88 (9th Cir. 2002); Jeffers v. Gomez, 267
7  F.3d 895, 913 (9th Cir. 2001)(per curiam); Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.
8  1995).

9  Here, Plaintiff simply alleges that there was, at some point, arsenic present in the water at
10  Kern Valley State Prison.  That fact, of itself, does not subject the warden to liability.  There are no
11  allegations regarding the level of arsenic in the water, or that Plaintiff suffered any injury.  Even if
12  Plaintiff were to allege facts indicating that the arsenic levels in the water exceeded some regulatory
13  standard, such an allegation fails to satisfy the Eighth Amendment's requirement that officials must
14  be deliberately indifferent to an serious risk to Plaintiff's health or safety in order to be held liable.

15  Further, the only named defendant is Warden Harrison. To establish liability under 42 U.S.C.
16  § 1983, "a plaintiff must plead that each government-official defendant, through the official's own
17  individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).
18  Even under a "deliberate indifference" theory of individual liability, Plaintiff must still allege
19  sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the
20  unconstitutional conduct of his subordinates. Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011).
21  Plaintiff's "bald" and "conclusory" allegations are insufficient to establish individual liability under
22  42 U.S.C. § 1983.  See Iqbal, 556 U.S. at 569-72.

23  **III.    Conclusion and Order**

24  The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
25  which relief may be granted under section 1983.  The Court will provide Plaintiff with the
26  opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
27  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not
28  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,

507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 4, 2012**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE