UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE REED, SR.,<br><br>        Plaintiff,<br><br>   vs.<br><br>K. HARRINGTON, et al.,<br><br>        Defendants. | 1:11-cv-01883-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br>(Doc. 11.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

I.      BACKGROUND

       Tyrone Reed, Sr. ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 14, 2011. (Doc. 1.) On May 4, 2012, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 9.) On May 30, 2012, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 11.)

       On June 14, 2012, the Court issued an order requiring Plaintiff to file a more definite statement of the facts involved in this action. (Doc. 13.) On July 9, 2012, Plaintiff filed a more definite statement. (Doc. 14.)

II.     SCREENING REQUIREMENT

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**II.    PLAINTIFF'S ALLEGATIONS**

The events at issue in this action occurred at Kern Valley State Prison (KVSP) in Delano, California, where Plaintiff is now incarcerated. Plaintiff names as defendants Warden K. Harrington, State Water System ID#1510800, Governor Jerry Brown, and the Mayor of Delano. Plaintiff's factual allegations follow.[1]

---

[1] Plaintiff's allegations include those in the First Amended Complaint, filed on May 30, 2012, and those in Plaintiff's More Definite Statement, filed on July 9, 2012. (Docs. 11, 14.)

Plaintiff has been housed at KVSP since July 29, 2009.  On April 1, 2012, the California Department of Corrections and Rehabilitation issued a notification explaining that during the past four quarters, the arsenic level in KVSP's drinking water exceeded the EPA's maximum contaminant level.  (Exhibit to First Amd Cmp, Doc. 11 at 6.)

Warden Harrington is in charge of KVSP and is at fault for arsenic in the water.

The State Water System ID#1510802 (SWS) was responsible for E.coli being present in KVSP's drinking water in 2009, before the arsenic situation.  Now, SWS has behaved indifferently by placing arsenic in the water above the maximum level.

The Mayor of Delano is aware of the arsenic situation and has done nothing in four years to correct the situation.

Governor Jerry Brown knew of the situation and did nothing for four years to correct it.

Plaintiff suffers from stomach pain which began in 2010 when he was drinking water contaminated with E.coli.  Plaintiff was examined most recently by Dr. R. Lopez, who found white blood cells in Plaintiff's urine and diagnosed him with some type of stomach infection. In 2010, Plaintiff was given antibiotics for the infection, but he still has white blood cells in his urine.

Plaintiff requests appointment of counsel and assistance from the Court to proceed in this action.

### III.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

///

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Johnson at 743-44).

### A.     **Eighth Amendment Deliberate Indifference**

The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." U.S.Const. amend. VIII. "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) cert. denied, 514 U.S. 1065, (1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

///

In order to hold the individual defendants liable, Plaintiff must allege facts indicating that they knew of an objectively serious condition, and acted with "subjective recklessness" to that condition. The crux of Plaintiff's complaint is that arsenic levels in the water at KVSP exceeded EPA standards for at least four quarters in a row, and Defendants have not corrected the situation.

Plaintiff's own exhibit indicates that, although the arsenic levels in the drinking water supply at KVSP were out of compliance with regulatory standards, they were not at a level that was associated with any acute health problems.[2] There are no allegations that officials were aware of levels of arsenic that would satisfy the Eighth Amendment standard set forth above. Simply put, a violation of a regulatory standard does not presumptively violate the Eighth Amendment. Moreover, Plaintiff provides no facts supporting his allegations that the Defendants acted with deliberate indifference to a risk of serious harm.

Plaintiff's conclusory allegations that he is suffering from arsenic poisoning are unsupported by specific factual allegations that he was diagnosed with and treated for arsenic poisoning. In fact, Plaintiff claims that his symptoms arose during the time E.coli was present in the drinking water, and he was treated with antibiotics for a stomach infection.

### B.  **Fourteenth Amendment**

Plaintiff purports to bring a claim under the Fourteenth Amendment. The Fourteenth Amendment prohibits the States from "mak[ing] or enforc[ing] any law which shall abridge the privileges or immunities of citizens of the United States, from "depriv[ing] any person of life, liberty, or property, without due process of law" and from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S.Const. amend. XIV § 1. Plaintiff fails to allege facts demonstrating that any of the Defendants violated Plaintiff's rights under the Fourteenth Amendment. Therefore, Plaintiff fails to state a Fourteenth Amendment claim.

///

---

[2] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Stockman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).


## IV.     CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the Defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 13, 2013**                              **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE